# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 95-00079-003 |
| | ) | See Civil Action No. 08-00556 |
| LEVERETT JOHNSON, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## MEMORANDUM ORDER

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [185], filed by Petitioner Leverett Johnson ("Petitioner"), proceeding *pro se*, on April 22, 2008. Based on the following, said Motion is DENIED.

## BACKGROUND

On September 22, 1995, Petitioner entered a guilty plea at Criminal No. 95-00079-3 to conspiracy in violation of 18 U.S.C. § 3371, theft of a firearm from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(u) and 924(i)(1), and possession of a firearm by an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docket No. 88). On January 26, 1996, the Court held a sentencing hearing, at which Judge Robert J. Cindrich sentenced Petitioner to a term of 60 months imprisonment for conspiracy, 120 months imprisonment for theft of a firearm from a federally licensed firearms dealer, and 180 months imprisonment for possession of a firearm by an armed career criminal. (Docket No. 111). The terms of imprisonment were ordered to run concurrently. Additionally, Judge Cindrich sentenced Petitioner to three years of supervised release for each count. The terms of supervised release were also ordered to run concurrently.

On December 5, 1997, the Court granted a sealed Substantial Assistance Motion filed by the

Government under Federal Rule of Criminal Procedure 35(b). (Docket No. 134). Pursuant to that motion, Petitioner's sentence was reduced to a term of 60 months imprisonment for conspiracy, 72 months imprisonment for theft of a firearm from a federally licensed firearms dealer, and 72 months imprisonment for possession of a firearm by an armed career criminal. (Docket No. 135). These terms of imprisonment were again ordered to run concurrently, and Petitioner's three-year term of supervised release was reimposed. *Id.*

On January 23, 2002, the United States Probation Office filed a petition to revoke Petitioner's supervised release. (Docket No. 143). A revocation hearing before Judge Cindrich was held on September 4, 2002. (Docket No. 158). On September 18, 2002, Judge Cindrich revoked Petitioner's supervised release and sentenced him to a term of 24 months imprisonment and one year of supervised release. (Docket No. 159).

On September 9, 2004, the United States Probation Office again filed a petition to revoke Petitioner's supervised release. (Docket No. 162). Following a revocation hearing, Judge David S. Cercone revoked Petitioner's supervised release on December 2, 2004 and sentenced him to a term of 21 months imprisonment with no additional supervised release. (Docket No. 174).

On April 22, 2008, Petitioner filed the instant motion. (Docket No. 185). On June 18, 2008, the Government filed its Response to Petitioner's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence. (Docket No. 188). On July 7, 2008, Petitioner sent a letter to the Court, which the Court construes as a reply to the Government's Opposition. (Docket No. 189).

In support of his Motion to Vacate, Petitioner contends that the 21-month prison sentence that he received on December 2, 2004 was unlawful because, when combined with his 24-month prison sentence from September 17, 2002, it exceeded his original three-year supervised release

sentence. (Docket No. 185, at 4).

## ANALYSIS

Generally, a district court must order an evidentiary hearing in a federal habeas case if a prisoner's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980). If a hearing is not held, the district judge must accept the movant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984).

In order for a district court to correct a petitioner's sentence pursuant to his § 2255 Motion to Vacate, it must find "that . . . judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the [petitioner] as to render the judgment vulnerable to collateral attack." *Garcia v. United States*, Criminal Action No. 93-536-03, Civil Action No. 97-2861, 2008 U.S. Dist. LEXIS 29298, at *4 (D.N.J. Apr. 9, 2008) (internal quotation and citation omitted). A petitioner bears the burden of establishing his entitlement to § 2255 relief. *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a petitioner's § 2255 Motion to Vacate is a collateral attack on his sentence, he "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief. *See United States v. Bohn*, Criminal Action No. 92-61-02, 1999 U.S. Dist. LEXIS 18522, at *7 (E.D. Pa. Nov. 9, 1999) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). In the present case, Petitioner's Motion fails to clear that

3

"significantly higher hurdle" because: (1) the Motion is moot; (2) the Motion is untimely; and (3) Petitioner's December 2004 sentencing was lawful. The Court will address each, in turn.

1. *Petitioner's 28 U.S.C. § 2255 Motion to Vacate is moot*

The Court first finds that Petitioner's Motion is moot. A review of the procedural history of this case demonstrates that Petitioner finished serving his revocation sentence in 2006 and that no term of supervised release was imposed.[1] Thereafter, Petitioner filed his § 2255 Motion to Vacate on April 22, 2008. (Docket No. 185). After a petitioner's sentence expires, a motion attacking only that sentence is moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *see also DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."). If a petitioner's motion attacked more than his sentence, though, it would not necessarily be moot.[2] *Carafas v. Lavallee*, 391 U.S. 234, 237 (1968). For example, if a petitioner's motion attacked his conviction, the motion would not be moot because the collateral consequences of that conviction may be significant, despite the

---

[1] The Court notes that "[Petitioner] is presently serving a separate sentence of incarceration in the Pennsylvania state prison system." (Docket No. 188, at 4).

[2] In *United States v. Chavez-Palacios*, 30 F.3d 1290, 1293 (10th Cir. 1994), the Court of Appeals for the Tenth Circuit held that the petitioner's motion attacking only his sentence did not render it moot. However, that court based its holding on the fact that the petitioner was still serving a two-year term of supervised release and his sentence led to an automatic increase of his criminal history score by two points under the Sentencing Guidelines. *Id.* The present case is distinguishable because Petitioner's entire sentence has expired, and even if his sentence did exceed the period of supervised release, which it did not, Petitioner did not suffer any undue enhancements under the Sentencing Guidelines.

4

fact that the sentence arising from that conviction had previously expired. *Id.* "Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses." *Ellington v. United States*, Civil Action No. 07-708, 2007 U.S. Dist. LEXIS 25471, at *6, n. 2 (D.N.J. Apr. 5, 2007) (citation omitted).

In the present case, Petitioner's motion only attacks his sentence, arguing that he served more prison time than his term of supervised release allowed. (Docket No. 185, at 4). With that as the sole basis for his § 2255 Motion to Vacate, "any alleged remedy can no longer be enforced [as he] has fully served the imposed sentence and has been released from custody." *Beckett v. Nash*, Civil Action No. 03-3717, 2003 U.S. Dist. LEXIS 24001, at *5 (E.D. Pa. Dec. 11, 2003). Therefore, the Court finds that Petitioner's Motion to Vacate under § 2255 is moot.

2.  *Petitioner's 28 U.S.C. § 2255 Motion to Vacate is untimely*

The Court also finds that Petitioner's Motion is untimely. According to 28 U.S.C. § 2255(f)(1), "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the . . . date on which the judgment of conviction becomes final." Petitioner was sentenced by Judge Cercone on December 2, 2004 for his second supervised release violation. Thus, he had until December 2, 2005 to file his Motion to Vacate under § 2255. Petitioner did not file his Motion until April 22, 2008, well beyond the one-year statute of limitation. Therefore, Petitioner's Motion is untimely.[3]

3.  *Petitioner's December 2004 sentencing was lawful*

---

[3]In his reply letter, Petitioner admits that his motion is untimely. (*See* Docket No. 189 at 1).

Finally, although the Court has found that Petitioner's Motion is moot and untimely, the Court addresses the merits of his argument. Petitioner was sentenced to 24 months imprisonment on September 17, 2002 after his first supervised release violation and 21 months imprisonment on December 2, 2004 after his second supervised release violation. Petitioner's combined sentence of 45 months imprisonment exceeded his original 36-month supervised release sentence. However, "a court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3559(a)(1), Petitioner's violation of §§ 922(g) and 924(e), possession of a firearm by an armed career criminal, is considered a Class A felony because the maximum penalty is life imprisonment.[4] *Custis v. United States*, 511 U.S. 485, 487 (1994) ("18 U.S.C. § 924(e) ... raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years and a maximum of life in prison without parole if the defendant 'has three previous convictions . . . for a violent felony or a serious drug offense.'"). For a Class A felony, the maximum sentence of supervised release is five years. 18 U.S.C. § 3583(b)(1). As Petitioner was convicted of a Class A felony, he was subject to a possible sentence of five years of supervised release. Therefore, Petitioner was potentially subject to a total revocation sentence of five years, or 60 months, imprisonment. *Id.* In total, Petitioner's revocation sentence was 45 months imprisonment, well below the 60 months he could have received. Accordingly, the Court finds that Petitioner's

---

[4] There is nothing to suggest that the Government's Substantial Assistance Motion of December 5, 1997 or Federal Rule of Criminal Procedure 35(b), itself, would alter § 3559(a)(1)'s classification of Petitioner's crime as a Class A felony. *See* Fed. R. Crim. P. 35(b); (Docket No. 134).

December 2004 sentence of 21 months imprisonment was lawful, and Petitioner's Motion is denied.[5]

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [185].

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: July 24, 2008.

cc/ecf: All counsel of record

Leverett Johnson

---

[5] In support of his motion, Petitioner attaches an excerpt from *United States v. Mazarky*, 499 F.3d 1246 (11th Cir. 2007). In addition to being only persuasive authority from another Circuit, *Mazarky* is factually distinguishable insofar as the counts of conviction there carried different maximum terms of supervised release.