# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVERETT JOHNSON,<br>      Petitioner, | )<br>)<br>) |
| v. | )   Criminal Action No. 95-00079-3<br>)   Judge Nora Barry Fischer |
| UNITED STATES OF AMERICA,<br>      Respondent. | )<br>) |

## MEMORANDUM ORDER

Pending before the Court is Petitioner's Letter to the Court dated July 29, 2008 and filed of record on August 11, 2008, which this Court has construed as a motion for reconsideration of this Court's Memorandum Order dated July 24, 2008. (Docket No. 192). In that Memorandum Order, this Court denied Petitioner's Motion to Vacate, holding that his motion was denied on multiple grounds: (1) that Petitioner's § 2255 petition was moot as the challenged sentence had been served by Petitioner; (2) that Petitioner's § 2255 petition was untimely filed as it was not filed within the applicable one-year statute of limitations period; and, (3) that the revocation sentence imposed was lawful as Petitioner was subject to a 60 month revocation sentence and had been sentenced to a total of 45 months incarceration. (Docket No. 191).

In the July 29, 2008 letter, now construed as a motion for reconsideration, Petitioner attacks the first ground for denial of his motion to vacate, arguing that he remains subject to a federal detainer which he attaches to the letter (Docket No. 192-2) and, as such, his motion to vacate his federal sentence is not moot. (Docket No. 192). Petitioner further states that he has been incarcerated on a state sentence starting on November 12, 2004 and that he has yet to be taken into

1

federal custody in order to serve the 21 month revocation sentence. *Id*. In its response dated September 9, 2008, the Government agrees that Petitioner is subject to the revocation sentence and "respectfully submits that the Court should amend its Memorandum Order of July 24, 2008, to reflect that the petitioner's motion is not moot, while denying [Petitioner] relief based on the other reasons cited in the Court's Memorandum Order." (Docket No. 195). Thereafter, Petitioner filed a response to the Government's submission on September 19, 2008 in which he argues that his term of supervised release should be terminated based on the procedural history of his case, relying on *United States v. House*, 501 F.3d 928 (8th Cir. 2007) and that the "Government did not give any facts or law on why petitioner's sentence is not over." (Docket No. 198 at 2-3). Finally, on October 1, 2008, the Government filed its response, arguing that Petitioner is not entitled to reconsideration of the Court's denial of his § 2255 petition based on the arguments advanced in Petitioner's September 19, 2008 filing. (Docket No. 200).

A court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also United States v. Croce*, 355 F. Supp. 2d 774, 775 (E.D. Pa. 2005) (applying the same standard to a motion for reconsideration in a criminal case). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998)(citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107

(E.D.Pa.1992)).

As stated, the Court construes Petitioner's first contention, that his § 2255 petition is not moot because he remains subject to the federal detainer, as a motion for reconsideration based on new evidence that was not available to the Court when the Memorandum Order of July 24, 2008 was issued or to correct an error of fact. Petitioner states that he remains subject to a federal detainer, attaching the detainer as evidence, and argues that his revocation sentence is not over. (Docket No. 192). In addition, the Government has represented to the Court that Petitioner in fact remains subject to said revocation sentence. (Docket No. 195). Upon consideration of the evidence submitted by Petitioner and the Government's representation regarding the same, the Court finds that Petitioner remains subject to the revocation sentence, as evidenced by the federal detainer. Accordingly, Petitioner's Motion for Reconsideration is GRANTED to the extent that the Court reconsiders its earlier Memorandum Order and hereby AMENDS same to reflect that Petitioner's revocation sentence is not moot and that he remains subject to said sentence.

In his Response (Docket No. 198), Petitioner sets forth an additional ground for relief from the Court's July 24, 2008 Memorandum Order, arguing that his sentence should be vacated based on the procedural history of his case and the decision by the United States Court of Appeals for the Eighth Circuit in *United States v. House*, 501 F.3d 928 (8th Cir. 2007). Petitioner claims that he pled guilty to violations of his supervised release for the commission of state crimes prior to being convicted of those crimes in state court "because his lawyer told him that petitioner would serve his federal sentence first because petitioner [sic], he was sentence [sic] first by the District Court and then answer to his state charges." (Docket No. 198). Accordingly, Petitioner maintains that his federal revocation sentence should have commenced prior to his state sentence and that his

3

revocation sentence is therefore over. *Id*. In its response, the Government argues that the decision by the United States Court of Appeals for the Eighth Circuit in *House* is distinguishable from the instant matter in that *House* "stands for the proposition that a federal period of supervised release being served does not run (is tolled) during the service of terms of state, federal or local incarcerations that exceed 30 days" while Petitioner admits that he has been in state custody since November 12, 2004 and that the federal "sentence is to begin running after his release from his state sentence." *Id*. at 3. The Government also maintains that Petitioner's position that his sentence is now over directly contradicts his earlier position in the July 29, 2008 letter in which he states that he remains subject to the federal detainer. *Id*. The Court agrees that *House* is not controlling. The Court also agrees that Petitioner has contradicted himself.

Upon review of Petitioner's initial § 2255 petition filed on April 22, 2008, the Court finds that Petitioner's claim that the revocation sentence should have commenced prior to the state sentence or that his counsel incorrectly advised him of the same causing him to plead guilty was not raised in that filing. (Docket No. 185). After the filing of his § 2255 petition, on April 24, 2008, the Court issued an Order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), instructing Petitioner that he was required "to include all federal constitutional claims challenging a specific conviction in one habeas corpus petition" and that he must notify the Court within thirty days to advise the Court if he wished to: (1) withdraw his petition and re-file an all-inclusive § 2255 petition containing all grounds for relief from the conviction and sentence which Petitioner claims; (2) amend his § 2255 petition to include any additional grounds; or, (3) have the petition ruled on by the Court as filed. (Docket No. 186). Petitioner was further advised that if he did not notify the Court within thirty days, the Court would rule on the petition as filed. *Id*. Petitioner did not respond

to this Order within thirty days and the Court ruled on Petitioner's § 2255 petition as originally filed.

As Petitioner's new argument attacks his revocation sentence and was not raised in his initial § 2255 petition, the Court construes such argument as a second or successive § 2255 petition, which Petitioner is statutorily barred from pursuing in this Court absent certification from the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 2255(h) ("a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Accordingly, Petitioner's motion for reconsideration is DENIED to the extent that his Response raises a claim not set forth in his initial § 2255 petition.

Based on the foregoing, the Court finds that Petitioner's Motion [192] is GRANTED IN PART AND DENIED IN PART. Said motion is granted to the extent that the Court AMENDS its Memorandum Order of July 24, 2008 to reflect that Petitioner's motion to vacate his sentence is not moot because, as admitted by Petitioner, he remains subject to the federal detainer described in his July 29, 2008 letter/motion for reconsideration. All other aspects of the Court's Memorandum Order of July 24, 2008 remain in full force and effect including this Court's holding that Petitioner's motion to vacate is properly denied as untimely and without merit (Docket No. 191 at 5-7) and therefore, Petitioner's motion is denied to the extent that he requests that his sentence be vacated on newly advanced grounds. Lastly, as Petitioner has not demonstrated a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court finds that he is not entitled to a

certificate of appealability on the claims he has set forth in § 2255 petition.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: November 24, 2008

cc/ecf: All Counsel of Record

       Leverett Johnson
       GJ-7150/05521-068
       SCI Pittsburgh
       Post Office Box 99991
       Pittsburgh, PA 15233